IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DEE C. GRIFFIN,**

        **Petitioner,**

    v.                            CASE NO. 13-3070-RDR

**CLAUDE MAYE,**
**Warden, USP-Leavenworth,**

        **Respondent.**

## MEMORANDUM AND ORDER

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas. Petitioner challenges the U.S. Bureau of Prisons (BOP) denial of his request for a nunc pro tunc designation that would have allowed him to receive credit against the federal sentence he is currently serving for time previously spent serving an Indiana state sentence. He believes he is entitled to such credit because the state judge ordered that his Indiana sentence be served concurrent with his previously-imposed federal sentence. The court finds that petitioner fails to state a claim for relief under § 2241. He is given time to show good cause why this action should not be dismissed for failure to state a claim.

## FILING FEE

The statutory fee for filing a habeas corpus petition is $5.00.

1

Petitioner has neither paid the fee nor submitted a motion to proceed in forma pauperis. This action may not proceed until the filing fee is satisfied in one of these two ways. Local court rule requires that a motion to proceed in forma pauperis be submitted upon court-approved forms and that a certified statement of the current balance in the inmate's prison account be provided. D. Kan. Rule 9.1(g). If petitioner fails to satisfy the filing fee within the time allotted, this action may be dismissed without prejudice and without further notice.

**FACTUAL BACKGROUND AND CLAIMS**

Having screened all materials filed and having reviewed the federal criminal case file,[1] the court tentatively finds the following factual background. In April 2009, Mr. Griffin was stopped by police officers in Indiana for a traffic violation. *Griffin* (Doc. 23)(Sentencing Memorandum)(12/29/09). He was arrested by local authorities at that time and taken into state custody. He was charged with five state offenses including two handgun violations. The state charges were amended and the handgun charges were dropped by the State. However, federal authorities charged Mr. Griffin with felon in possession of a firearm arising

---

[1] The court takes judicial notice of the records in *United States v. Griffin*, Case No. 3:09-cr-00069 (N.D. Ind.)(hereinafter *Griffin*).

from this incident. A federal warrant was issued on June 12, 2009. On July 21, 2009, the federal court issued a writ of habeas corpus ad prosequendum directed to the Sheriff, St. Joseph County Jail, South Bend, Indiana, so that he could be produced by U.S. Marshals for his initial appearance in federal court scheduled for July 23, 2009. Mr. Griffin was arrested on the federal warrant on July 23, 2009. On November 3, 2009, he was found guilty in federal court upon his plea of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *Id.* At sentencing, the federal court found that Mr. Griffin was released from prison to parole authorities in August 2008; "he was on parole at the time of this crime"; "there is currently a hold on him for a parole violation"; and "his current projected release date for his state parole violation is September 2010." The court also found that this was Mr. Griffin's eighth felony conviction, and that "all told, Mr. Griffin has had about eighty prior state court cases for various infractions, misdemeanors and felonies." He was sentenced to federal prison for 46 months to be followed by a 3-year supervised release term. Petitioner acknowledges and the record in his federal case shows that the federal court's judgment was silent as to whether the federal term was to run concurrent or consecutive to Mr. Griffin's impending state sentence. *Griffin* (Doc 25) Judgment (Dec. 29, 2009). He was "remanded to the custody of the USM/SB" on December 29, 2009, and taken by writ of habeas corpus ad prosequendum back to the county

jail in Indiana.

In January 2010, Mr. Griffin moved the Indiana state court to accept his plea to two of the state counts: Operating a Motor Vehicle After a Lifetime Suspension of Driving Privileges and Operating a Motor Vehicle with Eight-Hundredths (.08) or More Grams of Alcohol in the Breath. *Id.* Petitioner exhibits a portion of the docket sheet from his state criminal case. It indicates that the state court judge took the motion under advisement and set sentencing for February 4, 2010. When Griffin appeared for this sentencing, the state judge "decline(d) to proceed to sentencing until it is determined when the Defendant was indicted and arrested in federal case" and continued sentencing for 20 days. Following this hearing, the state judge phoned the federal judge's office and was informed that Mr. Griffin had been indicted and was arrested on the federal warrant on July 23, 2009. The exhibited docket provides: "Court therefore finds that the sentence in 09FC87 may be concurrent with the federal sentence." It further provides that "[t]his court requested that the federal authorities not remove the Defendant from the St. Joseph County Jail until after the sentencing set for 2/24/10." *Id. at 10.* The docket also reveals that on February 24, 2010, the state judge found that Mr. Griffin "had 312 days class one credit through 2/23/10," had a federal detainer, and "had never been released on this case." Petitioner's Memorandum in Support (Doc. 2) at 11. The state court accepted Griffin's plea on this date and

sentenced him to sixty days on the alcohol count, which was satisfied by pre-sentence credit, and to five years incarceration on the driving suspension count "which begins today."  The judge ruled that "[t]his sentence is concurrent with the federal sentence imposed in 3:09CR69-1."  He then remanded the defendant "to the Sheriff for transfer to the Department of Correction but request(ed) the Sheriff to notify federal authorities," and added that "[i]f the federal authorities exercise their detainer, the Defendant's custody is transferred to the federal marshal."  The U.S. Marshal did not pick up Mr. Griffin, and he was transported to the Indiana DOC.

Mr. Griffin asks the court to find that his state and federal sentences were concurrent, and to order the BOP to issue a nunc pro tunc designation to credit his federal sentence with the time he served in state custody prior to the BOP taking physical custody from Indiana.  He alleges that he exhausted his administrative remedies, and that during this process the BOP considered and denied his request for nunc pro tunc designation.

**RELEVANT LEGAL AUTHORITY**

28 U.S.C. § 2241(c)(3) pertinently provides: "The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States . . . ."  Calculation of a federal prison sentence is governed by federal statutes.  18 U.S.C. § 3585 provides as follows:

5

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

*Id.* The Tenth Circuit has instructed that "[t]he computation of a federal sentence requires consideration of two separate issues." *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006). First, the commencement date of the federal sentence must be determined under § 3585(a), and then "the extent to which a defendant can receive credit for time spent in custody prior to commencement" of the federal sentence is determined under § 3585(b).[3] *Id.* (citing *Weekes v. Fleming*, 301 F.3d 1175, 1179 (10th Cir. 2002), *cert. denied*, 537 U.S. 1146 (2003)).

A federal sentence is also calculated in accord with 18 U.S.C. § 3584(a), which pertinently provides:

> (a) Imposition of Concurrent or Consecutive Terms. -If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed

6

> on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . . Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

*Id.* Thus, when a federal Judgment and Commitment Order is silent as to the concurrent or consecutive nature of a federal sentence it is consecutive under federal law. The Tenth Circuit has held that "no language in section 3584(a) prohibit[s] a district court from ordering that a federal sentence be served consecutively to a state sentence that has not yet been imposed." *Binford*, 436 F.3d at 1254 (quoting *United States v. Williams*, 46 F.3d 57 (10th Cir. 1995)); *see also United States v. Crawford*, 217 Fed.Appx. 774, 776 (10th Cir. 2007)(unpublished)[2] (under *Williams*, the district court had the authority to order Mr. Crawford's sentence to run concurrently with the sentences he was to receive in state court."). The determination by a federal judge that a defendant's "federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction." *See Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991); *see also United States v. Eccleston*, 521 F.3d 1249, 1254 (10th Cir.), *cert. denied*, 555 U.S. 958 (2008); *Still v. Milyard*, 361 Fed.Appx. 908, 910 (10th Cir. 2010)("[E]ven when a state court imposes a state sentence to be served

---

[2] Unpublished opinions are not cited herein as binding precedent, but for persuasive value. See Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

concurrently with a federal sentence, commencement of the federal sentence remains a matter of federal authority."). The U.S. Supreme Court recently discussed § 3584, which it found addresses the "concurrent-vs.-consecutive decision" regarding multiple sentences. *Setser v. United States*, ---U.S.---, 132 S.Ct. 1463, 2012 WL 1019970 (Mar. 28, 2012). The Court explained that federal district courts make this decision with respect to federal sentences:

> Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings. See Oregon v. Ice, 555 U.S. 160, 168-169, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009).

*Id*. at 1468. The Court further explained:

> The first sentence in § 3584(a) addresses the most common situations in which the decision between concurrent and consecutive sentences must be made: where two sentences are imposed at the same time, and where a sentence is imposed subsequent to a prior sentence that has not yet been fully served. It says that the district court has discretion whether to make the sentences concurrent or consecutive. . . . And the last two sentences of § 3584(a) say what will be assumed in those two common situations if the court does not specify that the sentence is concurrent or consecutive.

*Id*. at 1470. The Supreme Court held that a federal sentencing court has discretion to decide whether or not the sentences it imposes will run concurrently with respect to an anticipated state court sentence and to order a federal sentence to run consecutively with an anticipated state sentence. *Id*. at 1468.

The BOP has no authority to ignore the sentencing order of a

federal court in favor of a contrary order by a state court or to execute a federal sentence as concurrent to state sentences when a federal sentencing court has imposed its sentence as consecutive. See *Carroll v. Peterson*, 105 Fed.Appx. 988, 990 (10th Cir. 2004)(unpublished)(BOP was within its discretion in denying inmate's request for a nunc pro tunc order designating state prison as his place of confinement which would have allowed state and federal sentences to run concurrently, where federal sentencing judge was silent as to whether state and federal charges would run concurrently.); *Miller v. Scibana*, 260 Fed.Appx. 80 (10th Cir. 2008) (unpublished)(BOP denial of petitioner's request for a nunc pro tunc concurrent designation of his federal and state sentences proper where federal court did not indicate whether the federal and state sentences should run consecutively or concurrently); *Bloomgren*, 948 F.2d at 691 (The determination by federal authorities that a defendant's federal sentence would run consecutive to his prior state sentence is a federal matter, which cannot be overridden by a state court provision for concurrent sentencing). As the U.S. Supreme Court held in *Setser*, the BOP simply is not authorized by Congress to make concurrent-vs.-consecutive decisions. *See Setser*, 132 S.Ct. at 1472, fn. 5. The Supreme Court explicitly rejected the arguments that the BOP is not bound by the default rules in § 3584 and that the BOP has discretion to execute sentences differently than as ordered by the federal sentencing judge:

> The Government contends that the Bureau applies the default rules in § 3584(a) "[a]s a matter of discretion" but is not "bound" by that subsection. Reply Brief for United States 15, n. 5. We think it implausible that the effectiveness of those rules-of § 3584(a)'s prescription, for example, that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently"—depends upon the "discretion" of the Bureau.

*Id.* at 1469, n. 3. The Court reasoned:

> When § 3584(a) specifically addresses decisions about concurrent and consecutive sentences, and makes no mention of the Bureau's role in the process, the implication is that no such role exists. And that conclusion is reinforced by application of the same maxim (properly, in this instance) to § 3621(b)-which is a conferral of authority on the Bureau of Prisons, but does not confer authority to choose between concurrent and consecutive sentences.

*Id.* at 1470. The Tenth Circuit explained in *United States v. Ellsworth*, 296 Fed.Appx. 612, 613-14 (10th Cir. 2008)(unpublished):

> "[a]lthough [petitioner's] state sentence provides for concurrent service of the federal and state sentences, the state court's decision cannot alter the federal-court sentence," which was run consecutively to, not concurrently with, the state sentence.

*Id.* (quoting *Eccleston*, 521 F.3d at 1254)(citing *Bloomgren*, 948 F.2d at 691)); *see also United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010)(Requiring the BOP to take a state inmate into federal custody before he was released from his state sentence "would void the district court's valid sentence, and undermine the (district) court's authority under 18 U.S.C. § 3584(a)."). In short, "neither the federal courts nor the [BOP] are bound in any way by the state

court's direction that the state and federal sentences run concurrently." *See also Barden v. Keohane*, 921 F.2d 476, 478 n. 4 (3rd Cir. 1990); see also *Abdul-Malik*, 403 F.3d 72, 75 (2nd Cir. 2005)(state court determination of concurrent state and federal sentences is not binding on federal authorities); *Fegans v. United States*, 506 F.3d 1101, 1104 (8th Cir. 2007)(same).

## **DISCUSSION**

Applying § 3584(a) to the facts of this case, the court finds that the sentencing order in Mr. Griffin's federal criminal case effectively provided that his federal sentence was to run consecutive to his state sentence. The federal district judge that sentenced petitioner was undoubtedly aware of his or her discretionary authority to impose concurrent sentencing and of the § 3584 presumption of consecutive sentences if that authority is not exercised. Like in *Setser*, the difficulty in this case arises not from the federal sentence, but from the state court's decision to order its sentences to run concurrent with the federal sentence after the federal sentence had already been entered as consecutive. *Setser*, 132 S.Ct. at 1472. As the Supreme Court opined, this is "indeed a problem," but not "one that shows the District Court's sentence to be unlawful." *Id*.

Applying § 3585(a) to the facts of this case, petitioner's federal sentence did not commence until he was actually received into

federal custody for the purpose of service of his federal sentence. It did not commence upon sentencing as he suggests, since he was in temporary federal custody at the time pursuant to a writ of habeas corpus ad prosequendum. No facts are alleged to show that the Indiana DOC and the BOP ever actually arranged or even agreed to transfer physical custody of Mr. Griffin to the BOP while he was still serving his state sentence. Instead, after Mr. Griffin's federal sentencing he was returned to Indiana custody and began service of his state sentence. Thus, petitioner does not show that he is entitled to an earlier sentence commencement date under § 3585(a).

Nor has petitioner shown his entitlement to "prior custody credit" under § 3585(b). Petitioner contends that he is entitled to prior custody credit against his federal sentence for time spent in state prison because the state judge ordered that the sentences run concurrently and directed that Mr. Griffin be relinquished to federal custody. Even though the state judge expressed his intent for and attempted to facilitate petitioner's immediate transfer to federal custody, federal authorities had no duty to take Mr. Griffin into custody until he was released from state custody on completion of his state sentence. *See Bloomgren*, 948 F.2d at 691. Furthermore, it is clear from the legal authority set forth above that the state judge's intention does not control the operation of

petitioner's federal sentence.[3] *See Thomas v. Ledezma*, 341 Fed.Appx. 407, 412-13 (10th Cir. 2009)(unpublished); *Bloomgren*, 948 F.2d at 690-91 (Bloomgren not entitled to credit on his federal sentence for time spent incarcerated on the state charges even though he served his federal sentence after his state sentence, rather than serving them concurrently as anticipated by the state court.); *Reynolds v. Thomas*, 603 F.3d 1144, 1149 (9th Cir. 2010)("[C]oncurrent sentences imposed by state judges are nothing more than recommendations to federal officials.")(citing *Taylor v. Sawyer*, 284 F.3d 1143, 1150 (9th Cir. 2002), *cert. denied*, 537 U.S. 1119 (2003)).

Finally, the court notes the last phrase of § 3585(b) and well-settled law that a federal defendant is not entitled to "double credit" against his federal sentence for time credited toward a state sentence, when the federal sentencing order does not provide for such credit. See *U.S. v. Wilson*, 503 U.S. 329, 337 (1992)(In enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time."); *Weekes*, 301 F.3d at 1178 (Petitioner "received credit against his state sentence for all the time served prior to the date his federal sentence commenced . . . . [and he] is not entitled to pre-sentence credit under § 3585(b).");

---

[3] To the extent that Mr. Griffin may be complaining that the state court imposed a sentence it lacked authority to implement and misled him to believe that he would be allowed to serve his state and federal sentences at the same time, this was a claim for the state courts. It does not evince a violation of federal statutory or constitutional law.

13

*Cathcart v. U.S. Bureau of Prisons*, 211 F.3d 1277, at *2 (10th Cir. 2000)(Table)(affirming district court's dismissal of habeas petition on ground that § 3585(b) prohibited petitioner from receiving credit for time served in federal custody where that time had been credited to his state sentence). Mr. Griffin is not entitled to the "double credit" he seeks for the reason that this time was "credited against another sentence."

Based upon the foregoing findings and authority, the court finds that Mr. Griffin has failed to allege facts demonstrating that BOP officials have incorrectly calculated either the start date or the prior custody credit of his federal sentence or that the BOP's calculation of his federal sentence as consecutive violated either the U.S. Constitution or federal law.

Mr. Griffin also claims that his federal sentence violated the United States Sentencing Guidelines and asserts that under the guidelines, sentences arising from the same arrest should be ordered to run concurrently. This claim is a challenge to petitioner's sentence itself rather than its execution. If he has grounds to challenge his federal sentence, they must be presented to the sentencing court by way of a motion under § 2255. *See Carroll*, 105 Fed.Appx. at 990 (finding petitioner's contention that federal sentencing court should have provided for concurrent federal and state sentences pursuant to U.S.S.G. § 5G1.3(c) challenged the validity of his sentence and must be brought under § 2255); *see also*

*Garrett v. Snyder*, 41 Fed.Appx. 756, 758 (6th Cir. 2002)(unpublished)(holding that 28 U.S.C. § 2255, rather than 28 U.S.C. § 2241, was the proper vehicle because "Garrett's U.S.S.G. § 5G1.3 argument constitutes a challenge to the imposition of his sentence, not the execution or manner in which his sentence is being served"); *Easley v. Stepp*, 5 Fed.Appx. 541, 543 (7th Cir. 2001)(unpublished)(holding that the "appropriate vehicle" is a motion under 28 U.S.C. § 2255 when a person challenges how the sentencing guidelines were applied in his case). Petitioner makes no argument showing that the remedy under § 2255 has been or would be inadequate or ineffective to test the lawfulness of his sentence under the USGS.

Petitioner is given time to satisfy the filing fee and to show cause why this action should not be dismissed with prejudice for failure to state a claim. *Still v. Herndon*, 496 Fed.Appx. 860, 865-66 (10th Cir. 2012). If he fails to adequately respond within the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to either pay the filing fee or submit a properly supported motion to proceed without prepayment of fees, and to show cause why this action should not be dismissed for failure state a claim for federal habeas corpus relief under 28 U.S.C. § 2241.

The clerk of the court is directed to transmit forms for filing

an IFP Motion to petitioner.

**IT IS SO ORDERED.**

**DATED: This 17th day of June, 2013, at Topeka, Kansas.**


                                    <u>**s/RICHARD D. ROGERS**</u>
                                    **United States District Judge**