IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEE C. GRIFFIN, )
 )
       Petitioner, )
 )   CIVIL ACTION
v. )
 )   No. 13-3070 -KHV
CLAUDE MAYE, Warden, )
USP-Leavenworth, )
 )
       Respondent, )
_____)

## **MEMORANDUM AND ORDER**

Petitioner filed this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 while he was an inmate at the United States Penitentiary in Leavenworth, Kansas. On June 17, 2013, the Court entered a Memorandum and Order (Doc. #3) finding that petitioner failed to state a claim for relief under Section 2241 and ordering him to show cause why this action should not be dismissed. This matter is before the Court upon petitioner's Response (Doc. #4).[1] For reasons that follow, the Court dismisses this action as moot.

Under 28 U.S.C. § 2241(c)(3), the federal writ of habeas corpus "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws . . . of the United States." Although petitioner is no longer in prison, the "in custody" requirement of Section 2241 is satisfied because he filed his federal habeas application while he was incarcerated. Lucero v. McKune, 340 Fed.Appx. 442, 443 (10th Cir. 2009). Due to petitioner's release from prison, however, the Court is now presented with "the more substantial question" whether that release

---

[1] On June 17, 2013, the Court also ordered petitioner to satisfy the filing fee requirement. He responded by filing a Motion to Proceed In Forma Pauperis (Doc. #5). The Court grants this motion based upon the balance in his institution account at the time of filing.

moots his petition because he no longer presents a case or controversy required under Article III of the Constitution. Spencer v. Kemna, 523 U.S. 1, 7 (1998). The Tenth Circuit has held that

> [m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction. This requirement exists at all stages of federal judicial proceedings, and it is therefore not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome.

McClendon v. City of Albuquerque, 100 F.3d 863, 867 (10th Cir.1996). Because mootness is an issue of subject matter jurisdiction, it can be raised at any stage of the proceedings. Ind v. Colo. Dep't of Corr., 801 F.3d 1209, 1213 (10th Cir. 2015); Lewis v. Cont'l Bank Corp., 494 U.S. 472 (1990). Thus, if an event occurs during the pendency of the action that makes it impossible for the court to grant effectual relief, the action must be dismissed. See Church of Scientology v. United States, 506 U.S. 9, 12 (1992). When a prisoner has been released from custody while his habeas petition is pending, the court's jurisdiction depends upon the existence of "collateral consequence[s] of the conviction" that are adequate to meet the Article III injury-in-fact requirement. Lucero, 340 Fed. App'x at 444 (citing Spencer, 523 U.S. at 7, 14).

The record before the Court in no way suggests that petitioner could meet the collateral-consequences, or any other, exception to the mootness doctrine.[2] Petitioner is not challenging the propriety of his criminal convictions. Thus, he is not entitled to the presumption of collateral consequences that attaches to such challenges. See Spencer, 523 U.S. at 7-8 (noting willingness to presume that wrongful conviction has continuing collateral consequences). Instead, petitioner

---

[2] The Court will not dismiss a petition as moot if (1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action. Riley v. I.N.S., 310 F.3d 1253 (10th Cir. 2002).

claims that the Bureau of Prisons wrongfully denied credit on his federal sentence for time spent serving a state sentence.

The Tenth Circuit has held that a federal habeas petition seeking credit for jail time served against consecutive sentences is rendered moot by the petitioner's release. Johnson v. Riveland, 855 F.2d 1477, (10th Cir. 1988). Like in Johnson, the only effect of relief in this case would be to expedite petitioner's release, and he is already released. His entitlement to sentence credit is no longer capable of judicial resolution, and this matter appears to be moot. See id. at 1481; Rhodes v. Judiscak, 676 F.3d 931, 933 (10th Cir. 2012)(to extent petitioner seeks shorter term of imprisonment, no longer possible to provide relief); Walker v. United States, 680 F.3d 1205 (10th Cir. 2012)(mootness occurs when actual injury that can be redressed by favorable judicial decision no longer exists)(citing Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983)). Federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." Spencer, 523 U.S. at 18. Since petitioner has been released from custody, he has already received his requested relief and nothing remains for the court to remedy. Id. Accordingly, the Court holds that petitioner's "release from detention moots his challenge to the legality" of his allegedly "extended detention." Riley, 310 F.3d at 1257; Lucero, 340 Fed. App'x at 444.

The Court has not provided petitioner an opportunity to show cause why his petition should not be dismissed as moot, because that opportunity would be futile. On August 17, 2015, the Clerk of the Court sent mail to petitioner at the last address which he provided. This mail came back marked "Return to Sender, attempted – not known unable to forward."[3] Petitioner has not met his obligation to immediately notify the Court of any change of address. See D.Kan.

---

[3] The last address provided by petitioner was that of the United States Penitentiary in Leavenworth, Kansas.

Rule 5.1(c). The BOP Inmate Locator shows that it released petitioner from confinement on June 26, 2015. Neither petitioner nor the Locator provides a current address for petitioner. Since the Court has no valid address for petitioner, an order giving him the opportunity to provide proof of an exception to the mootness doctrine would be futile.[4]

For the foregoing reasons, the Court dismisses this action as moot.

**IT IS THEREFORE ORDERED** that this petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 be and hereby is dismissed.

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Proceed In Forma Pauperis (Doc. #5) be and hereby is granted.

Dated this 4th day of February, 2016, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[4] In passing, the Court notes that even if this action were not moot, petitioner has not shown good cause why this action should not be dismissed. His only proper claim under Section 2241 is that the BOP illegally executed his federal sentence by not according him credit for time served on his state sentence. As explained in the Court's prior order, petitioner's arguments are contrary to Setser v. United States, 132 S.Ct. 1463, 1469 (2012), which held that when a federal commitment order does not address whether a sentence is concurrent or consecutive, the federal sentence is deemed to be consecutive and the BOP "is not free to use its 'place of imprisonment' authority to achieve a different result." Id. Thus, the BOP had no authority to treat petitioner's presumptively consecutive federal sentence as concurrent to his state sentence.